DJW/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH
NATIONAL PENSION FUND, et al.,

                               Plaintiffs,

                                                           CIVIL ACTION

v.

                                                           No. 09-2289-DJW

ALLIANCE CONSTRUCTORS, INC.,

                               Defendant.

## **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion for Summary Judgment (doc. 19). For the reasons set forth below, the motion is granted.

**I.    Nature of the Matter Before this Court**

This is an action brought by several employee benefit plans and their fiduciaries pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") to collect fringe benefit contributions from Defendant.[1] The parties agree that the Court has jurisdiction over Plaintiffs' claims pursuant to Sections 502 and 515 of ERISA.[2]

---

[1] Pretrial Order (doc. 21) ¶ 2.

[2] *Id.*, ¶ 3.a.

Plaintiffs seek to recover $398,189.68 in delinquent contributions, $24,06772 in liquidated damages, and interest accruing on the delinquent contributions and liquidated damages.[3] They also seek to recover their reasonable attorney's fees and costs.[4]

## II.   Standard for Ruling on a Summary Judgment Motion

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[5] Summary judgment is not a "disfavored procedural shortcut" but rather an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[6]

Pursuant to D. Kan. Rule 56.1, "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."[7] In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[8] When the movant properly supports its motion for summary judgment, the responding party "may not rely merely on allegations

---

[3]*Id.*, ¶ 10.a.

[4]*Id.*

[5]Fed. R. Civ. P. 56(c).

[6]*Celotex Corp v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

[7]D. Kan. Rule 56.1.

[8]*SOFCO, LLC v. Nat'l Bank of Kan. City*, No. 08-2366-JAR, 2009 WL 3053746, at *2 (D/ Kan. Sept. 18, 2009) (quoting *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988)).

or denials in its own pleading."[9] Rather, the responding party must set forth "specific facts showing a genuine issue for trial."[10] If the responding party fails to do so, summary judgment will be entered in favor of the moving party if the court, applying the substantive law, determines that the moving party is entitled to judgment as a matter of law.[11]

### III.     Statement of Uncontroverted Facts

The facts in this case are not disputed. Indeed, Defendant expressly admits all of the facts set forth in Plaintiffs' Statement of Facts except for Plaintiffs' Fact No. 19. Fact No. 19 states that an audit conducted by Salter & Company of Defendant's records revealed that Defendant owes the Plaintiff employee benefit funds $398,189.68 in delinquent contributions.[12] Defendant purports to controvert Fact No. 19 by stating that it "admits only that the amount sought to be admitted is the conclusion of Salter & Company."[13] The Court finds Defendant's statement insufficient to controvert this fact. Consequently, Plaintiffs' Fact No. 19, like the other facts set forth in Plaintiffs' Statement of Facts, is deemed admitted.

The Court therefore finds the following facts to be uncontroverted:

Plaintiff Boilermaker-Blacksmith National Pension Fund ("the Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Pension fund is a "multi-employer plan" within the meaning of 29 U.S. C. § 1002(37).

---

[9] Fed. R. Civ. P. 56(e)(2).

[10] *Id.*

[11] Fed. R. Civ. P. 56(c)(2) & (e)(2); *see also Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996).

[12] Pls.' Statement of Uncontroverted Facts, Fact No. 19 (doc. 20).

[13] Def.'s Resp. to Pl.'s Mot. for Summ. J. (doc. 24) at 2.

Plaintiff Boilermakers National Health and Welfare Fund ("the Health & Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Health & Welfare Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37).

Plaintiff Boilermakers National Annuity Trust ("the Annuity Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Annuity Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37).

Plaintiff Boilermakers' Apprenticeship & Training Funds ("the Apprenticeship Funds") are "employee benefit plans" within the meaning of 29 U.S.C. § 1002(3). The Apprenticeship Funds are "multi-employer plans" within the meaning of 29 U.S.C. § 1002(37).

Plaintiff Richard Calcara is a fiduciary of the Pension Fund, Health & Welfare Fund, Annuity Fund, and Apprenticeship Funds within the meaning of 29 U.S.C.§ 1002(21).

Plaintiff Mobilization, Optimization, Stabilization and Training Fund ("the MOST Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The MOST Fund is a "multi-employer plan"within the meaning of 29 U.S.C. § 1002(37). Plaintiff William Palmisano is a fiduciary of the MOST Fund within the meaning of 29 U.S.C. § 1002(21).

Defendant is an employer within the meaning of 29 U.S.C. § 1002(5). On August 30, 2006, Defendant signed a Letter of Understanding with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers ("the Union"). The August 30, 2006 Letter of Understanding bound Defendant to the terms of the Union's National Transient Division/National Maintenance Division Agreement ("National Agreement") for all tank erection and installation work. For work other than tank erection and installation, the August 30, 2006 Letter of Understanding bound Defendant to the terms of the local and area agreements in effect wherever work was being

performed. (Collectively, the National Agreement and local and area agreements will be referred to as "the Agreements.")

The Pension Fund, Health & Welfare Fund, Annuity Fund, Apprenticeship Funds, and MOST Fund (collectively "the Funds") are each established and operated pursuant to a written agreement and/or declaration of trust. These written agreements and/or declarations of trust are incorporated by reference into and are a material part of the Agreements.

At all times material and relevant to this action, Defendant has employed employees who have performed covered work under the Agreements. Defendant is obligated under the Agreements to timely submit reports and fringe benefit contributions ("contributions") to the Funds. More specifically, Defendant is required to submit contributions to the Funds each month in such amounts as determined by the number of hours of covered work performed by Defendant's employees at the rates established in the Agreements for each of the Funds.

The Agreements require that contributions due to the Funds be paid at the end of the month in which the work was performed. Payments not made by the fifteenth day of the following month are deemed delinquent.

Defendant failed to report in a timely manner the hours of covered work performed by its employees during the months of February, April, May and June of 2008, and failed to timely pay contributions due and owing thereon to the Funds. Defendant's late payment of contributions on the work performed during February, April, May and June 2008 fell short of the full amount due and owing to the Funds.

Defendant was sent notice of audit on October 18, 2007. The auditing firm of Salter & Company, LLC conducted an audit ("the Audit") to verify the accuracy of hours reported by Defendant. The Audit covered work performed from September 2006 through September 2007. It

relied on Defendant's records to determine hours worked and amounts owed. The Audit was completed in March 2008.

The Audit determined that Defendant's employees had performed significant amounts of covered work not reported to the Funds. Based on the Audit and the reports submitted to the Funds, Defendant owes the Funds $398,189.68 in delinquent contributions.

**IV.     Applicable Law**

Plaintiffs seek to recover delinquent contributions pursuant to Sections 502 and 515 of ERISA. Section 515 "creates a federal right of action independent of the contract on which the duty to contribute is based and may be enforced by an action brought in the district court."[14] Section 515 provides as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.[15]

Congress enacted Section 515 in 1980 to "simplify actions to collect delinquent contributions, avoid costly litigation, and enhance the actuarial planning necessary to the administration of multiemployer pension plans."[16]

Section 502 sets forth the types of civil actions that may be brought to enforce rights under ERISA and who may bring them. Section 502(a)(3) provides that fiduciaries may bring a civil action

---

[14]*In re Luna,* 406 F.3d 1192, 1203 (10th Cir. 2005) (quoting *Bituminous Coal Operators' Ass'n v. Connors*, 867 F.2d 625, 633 (D.C. Cir. 1989)).

[15]29 U.S.C. § 1145.

[16]*Central States, Southeast and Southwest Areas Pension Fund v. Indep. Fruit & Produce Co.*, 919 F.2d 1343, 1348 (8th Cir. 1990) (citation omitted).

to obtain relief to redress ERISA violations,[17] including an employer's failure to make contributions in violation of Section 515. Section 502(e)(1) of ERISA grants federal district courts exclusive subject matter jurisdiction to hear Section 515 disputes.[18]

Finally, Section 502(g)(2) sets forth the remedies for an employer's breach of Section 515.[19] If a multiemployer plan establishes that an employer did not make required contributions under a bargaining agreement, Section 502(g) *requires* the court to award the plan the following: (a) unpaid contributions; (b) interest on the unpaid contributions; (c) an amount equal to the greater of interest on the unpaid contributions *or* liquidated damages "provided for under the plan" in an amount not to exceed twenty percent of the amount of unpaid contributions; (d) reasonable attorney's fees and costs of the legal action to recover the unpaid contributions; and (e) other appropriate legal or equitable relief.[20]

---

[17]*See* 29 U.S.C. § 1132(a)(3). This statute provides: "A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

[18]*See* 29 U.S.C. § 1132(e)(1). This statute provides: "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by . . . a participant, beneficiary, fiduciary, or any person referred to in section 102(f)(1) of this title."

[19]*Bd. of Trustees, Sheet Metal Workers' Local 9 Pension Trust v. Maria Custom Sheet Metal, Inc.,* No. 07-cv-00840-CMA-MJW, 2009 WL 1766723, at *2 (D. Colo. June 19, 2009) (citations omitted).

[20]*Maria Custom Sheet Metal*, 2009 WL 1766723, at *2 (citing 29 U.S.C. § 1132(g)(2)(A)-(E); *Jefferson Tile Co., Inc. v. Colo. Tile, Marble & Terrazzo Workers Health, Welfare & Pension Funds, Nos. 6 & 85,* 797 F.Supp. 857, 858 (D. Colo. 1992)). *See also Trustees of the Colo. Statewide Ironworkers (Erector) Joint Apprenticeship & Training Trust Fund v. A & P Steel, Inc.*, 824 F.2d 817, 818 (10th Cir. 1987) (the relief set forth in section 502(g)(2) of ERISA is mandatory if the court determines that employer is liable for unpaid contributions).

## V. Analysis

### A. Liability

Plaintiffs have met their burden of presenting evidence to support their claim for unpaid contributions. Defendant has not come forward with any evidence to raise a triable question of material fact. Indeed, Defendant has admitted all of the material facts necessary to find that it has failed to pay contributions, as follows: Each of the Plaintiff Funds is a "multi-employer plan" within the meaning of ERISA. Defendant signed a Letter of Understanding with the Union. The Letter of Understanding bound Defendant to the Union's National Agreement with respect to tank erection and installation work and to the applicable local/area agreements in effect for all other work. These Agreements obligated Defendant to make contributions to the Funds on behalf of its employees performing covered work. The Audit of Defendant and the reports submitted to the Funds revealed that Defendant failed to remit payment of contributions as required by the Agreements in the amount of $398,189.68. Defendant does not dispute that it signed the Agreements nor does it dispute that it failed to remit the required contributions.

### B. Relief Requested

#### 1. *Delinquent contributions*

Section 502(g)(2)(A) authorizes a court to enforce Section 1145 by awarding a multiemployer plan the amount of all unpaid contributions. The uncontroverted facts in this case show that Defendant owes the Plaintiff Funds $398,189.68 in delinquent contributions. The Court therefore holds that the Plaintiff Funds are entitled to recover unpaid contributions from Defendant in the amount of $398,189.68.

*2.    Interest*

Section 502(g)(2)(B) requires the Court to award pre-judgment interest on the amount of the unpaid contributions.[21] The statute states that the interest "shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26."

Plaintiffs do not address in their summary judgment briefing whether the plans provide an interest rate for unpaid contributions nor do they request a specific amount of interest. They merely request the "the Court enter an order awarding the Funds . . . interest (continuing to accrue)."[22] While Plaintiffs do allege in the Pretrial Order that the collective bargaining agreements provide for interest at the annual rate of twelve percent,[23] the Court cannot rely on this bare assertion to determine the applicable rate. Without evidence that the plans or collective bargaining agreements prescribe a specific interest rate, the Court is unable to determine whether interest should be awarded under the plans or under 26 U.S.C. § 6621. Plaintiffs are therefore directed to file, within **ten (10) days** of the date of this Order, a supplemental brief regarding the interest rate they contend the Court should use in awarding pre-judgment interest on the amount of the unpaid contributions, the total amount of interest they are seeking from the date contributions first became due to the date of judgment, and how they arrived at that amount.[24] Defendant shall have ten days after the filing of Plaintiffs'

---

[21]*See* 29 U.S.C. § 1132(g)(2)(B).

[22]Pls.' Br. in Support of Mot. for Summ. J. (doc. 20) at 11.

[23]*See* Pretrial Order (doc. 21) ¶ 10.a.3) ("Under the collective bargaining agreement(s), [Defendant] is liable to the Funds for interest . . . at the rate of twelve percent (12%) per annum.").

[24]Under Section 502(g)(2)(B), interest is calculated from the date a missed payment first became due. *Trustees of Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund v. Stevenson Contracting Corp.,* No. 05 Civ. 5546(GBD)(DF), 2008 WL 3155122, at *5 (S.D.N.Y. June 19, 2008).

supplemental brief to file a response thereto. The briefs shall contain all necessary evidentiary support.

### 3. *Additional interest/liquidated damages*

Section 502(g)(2)(C) also requires an *additional* award of interest on the unpaid contributions or liquidated damages, whichever is greater. More specifically, the statute requires that the court award

> an amount equal to the greater of—
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount [of the unpaid contributions] determined by the court under subparagraph (A).[25]

Plaintiffs request in the conclusion of their summary judgment brief that the Court award them $24,067.72 in liquidated damages.[26] They do not, however, set forth any evidence in their summary judgment briefing regarding any liquidated damages that the plans provide for nor do they discuss how they arrived at that sum. They do assert in the Pretrial Order that the $24,067.72 sum is based on a twelve percent provision contained in the collective bargaining agreements.[27] That mere assertion, however, is not evidence for purposes of summary judgment.

Section 502(g)(2)(C) does not necessarily require that this Court award liquidated damages. Rather, the statute requires that the Court award "an amount equal to the greater of" the interest on

---

[25] 29 U.S.C. § 1132(g)(2)(C).

[26] *See* Pls.' Br. in Support of Mot. for Summ. J. (doc. 20) at 11.

[27] Pretrial Order (doc. 21), ¶¶ 5.a.7) & 10.a.2). Plaintiffs assert that the collective bargaining agreements provide for the recovery of liquidated damages based on twelve percent of the delinquent contributions.

10

the unpaid contributions *or* the liquidated damages provided for under the plan. Because the parties have not provided any evidence regarding either the applicable prejudgment interest rate or any liquidated damages provisions contained in the plans or Agreements, this Court is unable to calculate an appropriate award under Section 502(g)(2)(C). The Court therefore directs the parties' supplemental briefing to also address the issue of liquidated damages and to provide all appropriate evidentiary support and argument so that the Court may award the proper amount of relief under Section 502(g)(2)(C).

### 4. Attorney's fees and costs

#### (a) Attorney's fees

Plaintiffs request in their summary judgment briefing that they be awarded their "reasonable attorney's fees."[28] They assert in the Pretrial Order that the Funds are entitled to recover their attorney's fees "pursuant to the terms of the collective bargaining agreement(s) and by law."[29] In their Uncontroverted Statement of Facts and summary judgment briefing, however, Plaintiffs present no evidence regarding the existence of any attorney fee provisions in the collective bargaining agreements. The Court therefore holds that Plaintiffs are not entitled to recover fees pursuant to any agreements.

Plaintiffs may, however, recover fees under Section 502(g)(2)(D) of ERISA, which provides for the recovery of "reasonable attorney's fees."[30] This Court requires any party seeking to recover statutory attorney's fees, including those recoverable under ERISA Section 502(g)(2)(D), to comply

---

[28]Pls.' Br. in Support of Mot. for Summ. J. (doc. 20) at 11.

[29]Pretrial Order (doc. 21) ¶ 5.a.9).

[30]29 U.S.C. § 1132(g)(2)(D).

with the procedures set forth in D. Kan. Rule 54.2.[31] Accordingly, within **ten (10) days** of the date of this Order, Plaintiffs shall file a motion to recover their attorney's fees under Section 502(g)(2)(D) and shall comply with the requirements set forth in D. Kan. Rule 54.2.

### (b) Costs

Plaintiffs fail to provide any evidence that they have an agreement that would allow them to recover costs against Defendant. The Court must therefore look to Section 502(g)(2)(D), which provides a statutory basis for recovering costs. The statue does not define the type of costs that a plan may recover. Generally speaking, courts will award only those costs that are allowed by 28 U.S.C. § 1920.[32] This Court, however, will allow a plan to recover as costs the fees and expenses incurred in auditing the defendant employer's records, even though those expenses are not expressly listed as costs recoverable under 28 U.S.C. § 1920.[33]

The Court directs the parties to attempt to settle the matter of costs without further resort to the Court. If the parties reach an agreement, they shall file an appropriate stipulation as to costs. If

---

[31]*See Boilermaker-Blacksmith Nat'l Pension Fund v. Ace Polyetheylene Bag Co.*, No. 01-2028-KHV, 2002 WL 372868, at *1 (D. Kan. Mar. 7, 2002) (noting that the Court had overruled plaintiff's first Section 502(g)(2) request for attorney's fees for failure to comply with D. Kan. Rule 54.2).

[32]*See, e.g.*, *Trustees on Behalf of Teamsters Ben. Trust v. Casey's Office Moving & Servs., Inc.*, No. C-05-4157MHP (EMC), 2007 WL 1031320, at *5 (N.D. Cal. Apr. 3, 2007) (costs under section 502(g)(2) should be awarded only in the amounts allowed by 28 U.S.C. § 1920).

[33]*See, e.g.*, *Kan. City Bricklayers Employees Pension Fund v. Jemi Kni Masonry, Inc.*, 2002 WL 31845000, at *1 (D. Kan. Dec. 17, 2002) (awarding accounting fees as part of costs); *Painters Dist. Council for No. 3 Pension Fund v. Elrod & Sons, Inc.*, No. 87-2235-O, 1988 WL 243500, at *14 (D. Kan. June 17, 1988) (recognizing plaintiffs' right to recover audit costs equal to the percentage of claims on which plaintiffs prevailed); *see also Johnson v. Diamond Test & Balance, Inc.*, No. 2:04CV0040J, 2005 WL 2030481, at *2 (D. Utah 2005) ("Plaintiffs seek audit fees and attorney's fees under 29 U.S.C. § 1132(g)(2). Such fees are mandated pursuant to subsection 1132(g)(2)(D).") (citations omitted).

the parties are unable to reach an agreement regarding the appropriate costs due Plaintiffs, Plaintiffs shall file a motion requesting costs with appropriate support for the costs requested. The stipulation or motion shall be filed within thirty **(30) days** of the date of this Order.

## VI. Conclusion

Plaintiffs have presented a Motion for Summary Judgment with evidence establishing that they are entitled to judgment in favor of the Funds for delinquent contributions in the amount of $398,189.68. Defendant has failed to respond with any evidence or legal argument to rebut Plaintiffs' evidence that it owes the Funds those delinquent contributions.

Pursuant to Section 502(g)(2)(A) of ERISA, the Court holds that the Plaintiff Funds are entitled to an award of unpaid contributions in the amount of $398,189.68. In addition, the Plaintiffs Funds are entitled, pursuant to Section 502(g)(2)(B), to recover interest on the unpaid contributions, in an amount to be determined after the parties have submitted their supplemental briefing. The Plaintiff Funds are also entitled, pursuant to Section 502(g)(2)(C), to recover an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages as provided for under the plans in an amount not to exceed 20% of the unpaid contributions. The Court will determine the amount of Plaintiffs' Section 502(g)(2)(C) award after the parties have submitted their supplemental briefing. Finally, the Plaintiff Funds are entitled to an award of reasonable attorney's fees and costs, pursuant to Section 502(g)(2)(D). Within ten **(10) days** of the date of this Order, Plaintiffs shall file a motion to recover their attorney's fees and comply with the requirements set out in D. Kan. Rule 54.2. In addition, the parties shall attempt to settle the matter of costs without further resort to the Court and shall follow the procedures set forth in Part V.B.4(b) of this Order with respect to costs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (doc. 19) is granted.

**IT IS FURTHER ORDERED** that within **ten (10) days** of the date of this Order, Plaintiffs shall file a supplemental brief regarding the interest rate they contend the Court should use in awarding interest under ERISA Section 502(g)(2)(B) and the amount of liquidated damages they claim they are entitled to receive under ERISA Section 502(g)(2)(C). Defendant shall have **ten (10) days** after the filing of Plaintiffs' supplemental brief to file a response thereto.

**IT IS FURTHER ORDERED** that within **ten (10) days** of the date of this Order, Plaintiffs shall file a motion to recover attorney's fees under ERISA Section 502(g)(2)(D) and comply with the requirements set out in D. Kan. Rule 54.2 regarding the recovery of statutory attorney's fees.

**IT IS FURTHER ORDERED** that the parties shall attempt to settle the matter of costs without further resort to the Court and shall follow the procedure set forth in Part V.B.4(b) of this Order with respect to costs.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 18th day of August 2010.

s/ David J. Waxse  
David J. Waxse  
U. S. Magistrate Judge

cc:     All counsel and *pro se* parties